UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Jenkins, et al,
    *Plaintiffs*,

v.                                               Civil No. 3:16cv554 (JBA)

Road Scholar Transportation, et al,
    *Defendants*.

RULING ON DEFENDANTS' MOTION TO DETERMINE SUFFICIENCY [Doc. # 39]

The factual allegations in this diversity case are set out in the Ruling on Defendants' Motion to dismiss and thus will not be repeated here.

Defendants served Requests for Admissions on Plaintiff Tavonn Jenkins on December 20, 2016 [Doc. # 39-1]. Plaintiff's responses and objections were served almost 3 months later on March 28, 2017 [Doc. # 39-2]. On April 3, 2017, Defendants, as the requesting parties, moved under Fed. R. Civ. P. 36(a)(3) to Determine Sufficiency of Plaintiff's Responses to Defendants' Requests for Admission on grounds that Plaintiff had served no response within the required 30 day response period, had not obtained any stipulation for extension, nor had sought any extension of time to respond.

Fed. R. Civ. P. 36 sets out the time required for responses and the consequence of not responding to Requests for Admission: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court."

Plaintiff's opposition asserts that his responses served on March 28, 2017 were timely because

they were served within the discovery time period permitted for completion [Doc. # 24], equating the Rule 36 response period to that for completion of discovery. Plaintiff further argues that the parties' 26(f) Report [Doc. # 13] which proposed a "written discovery cut off" of November 2, 2016 "with 90 days to answer, February 15, 2017" constituted a "stipulation" as contemplated under Rule 26(a)(3).

Defendants acknowledge that there were no discussions between counsel specifically including or excluding requests for admissions from the term "written discovery." Since Rule 36 is housed in the section captioned "Title V. Disclosures and Discovery," Plaintiff's deduction was not totally unreasonable. Nevertheless, Plaintiff's explanation for the timing of his responses is unavailing since his responses post-dated both the agreed February 15, 2017 date, as well as a 90 day period following service of the Requests, i.e., March 20, 2017.

Plaintiff next argues that while Defendants' Motion to Determine Sufficiency was pending, the date for completion of "all discovery" had been extended to September 18, 2017 [Doc. # 34] so his response was timely served. However, the context of the referenced scheduling amendment was the March 6, 2017 colloquy on the record of the pre-filing conference which related to Defendants' March 2, 2017 Motion to Compel [Doc. # 25] Plaintiffs' compliance with Defendants' interrogatories and requests for production, served on Plaintiffs December 29, 2016. At that teleconference, the parties agreed this motion could be, and was, denied as moot "in light of Plaintiff's agreement to comply by 3/28/17 and supplement timely thereafter." [Doc. # 33]. Nothing in the motion to compel, its briefing, or the colloquy with the Court referenced Plaintiff's failure to respond to Defendants' Requests for Admissions in any way, and the Amended Scheduling Order was issued to reflect the revised filing dates for Defendants' Motion to Dismiss. Thus, the extension of discovery

completion had no impact on the already-passed response period for the Requests, no matter how this period is measured.

However, motions to determine sufficiency are, by the text of Rule 36(a)(6) relating to the sufficiency of "an answer or objection" which syntactically would not relate to its timeliness, and Defendants do not otherwise address the substantive sufficiency of Plaintiff's late-filed responses and objections.

Further, Rule 36(b) provides that a matter admitted may be withdrawn or amended by leave of court if it would "promote presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in. . . defending the action on the merits." Defendants have advanced no claim of insufficiency or specific prejudice aside from untimeliness, and the merits of the remaining claims require factual determinations. Thus, the relief sought in Defendants' motion that the Court issue an order determining "that the Plaintiff's March 28, 2017 responses and objections to the Defendants' request for admissions served December 20, 2016 are insufficient. . ." and that each of those matters be deemed "conclusively admitted" is misplaced under Rule 36(a)(6), and Defendants' Motion is denied.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut: January 2, 2018